IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL T. ELGIE,                      )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )          CIVIL ACTION NO. 09-0375-KD-N
                                       )
BIC USA, INC., et al.,                 )
                                       )
            Defendants.                )

## REPORT AND RECOMMENDATION

This matter is before the court on the following:  plaintiff's motion to remand and brief in

support (docs. 5, 6); defendants' opposition (doc. 8) and plaintiff's reply (doc. 10).  This action

has been referred to the undersigned for entry of a Report and Recommendation pursuant to 28

U.S.C. § 636 and Local Rule 72.2.  Upon consideration of the Motion and briefs of the parties it

is the recommendation of the undersigned Magistrate Judge that the plaintiff's motion to remand

be GRANTED.

Background

This products liability action was originally filed in the Circuit Court of Baldwin County,

Alabama on May 18, 2009.  The Complaint contains claims based exclusively on state law, and

contained no express damages demand or *ad damnum* clause.  On June 25, 2009, defendant BIC

Corporation removed the action to this court, asserting federal jurisdiction on the basis of

diversity of citizenship.  On July 16, 2009, plaintiff moved to remand the action on the grounds

that defendant had not borne their burden of proving that the amount in controversy exceeded

$75,000, the minimum amount required for diversity jurisdiction.

1

Subject Matter Jurisdiction

Federal Courts have limited subject matter jurisdiction and are empowered to decide only certain types of cases. *See* Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1260-61 (11th Cir.2000). In particular, lower federal courts can hear only cases for which Congress has granted them jurisdiction. Once a federal court determines that no grant of jurisdiction applies in a particular case, it must immediately dismiss the case for lack of jurisdiction. *See* Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331, n. 6(11th Cir. 2001).

Removal statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994) ("While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim.") (citations omitted). In removal actions, the removing party bears the burden of establishing jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996). A defendant may remove an action from state court to federal court only if the action is one over which the federal court possesses subject-matter jurisdiction. See 28 U.S.C. § 1441(a).

Where the alleged basis for federal jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount-in-controversy greater than $75,000, exclusive of interest and costs. See 28 U .S.C. § 1332(a).[1] The defendant must prove that the amount in controversy exceeded $75,000 at the time when the case was removed. Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir.2002).

---

[1] There is no dispute that diversity of citizenship among the parties exists. The sole issue before the Court is on plaintiff's motion to remand is whether the amount in controversy exceeds $75,000.00.

2

In <u>Lowery v. Alabama Power Co.</u>, the court explained:

> [W]e conclude that the removal-remand schedule set forth in 28 U .S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate.
> ...
> [U]nder § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff--be it the initial complaint or a later received paper--and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. This inquiry is at the heart of a case, such as the one before us, in which the plaintiff challenges removal by filing a timely motion to remand under § 1447(c). In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed--i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings ... The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking into the stars.

<u>Lowery</u>, at 1211, 1214-1215 (internal citation omitted).

In this action, Defendants acknowledge that the amount in controversy is not clearly stated on the documents before the Court.  Accordingly, under <u>Lowery</u>, this case must be remanded *unless* Defendants can establish, by a preponderance of the evidence, that the jurisdictional amount is readily deducible from the documents before the Court.  In support of their assertion that the jurisdictional amount has been satisfied in this case, Defendants point to Plaintiff's Complaint and assert that Plaintiff's allegations of bodily injury from burns allegedly received as a result of the explosion of a BIC lighter is itself adequate to satisfy its burden. [2]

---

[2] Plaintiff alleges, in sum, that the conduct of Defendants caused him to suffer burns to his body, incur medical expenses, "suffer both physically and emotionally," and he further

In <u>Lowery</u>, the Eleventh Circuit did not address the issue of whether certain injuries are by their nature substantial enough to establish the jurisdictional amount without any supporting evidence.  The Court in <u>Lowery</u> did, however, reject the defendant's attempt to rely on jury verdicts in similar cases to establish the jurisdictional amount and questioned whether such information is ever of any probative value. <u>Id</u>. at 1189, 1220-21.  *See* <u>Richardson v. Hicks</u>, 2009 WL 1768158, * 1 (M.D.Ala., July 23, 2009) citing <u>Lowery</u>, 483 F.3d at 1210 ("The court does not ask what verdict a jury could return, for it invites precisely the kind of 'unabashed guesswork' that <u>Lowery</u> prohibited.")

The undersigned finds that Defendants' conclusory allegation that the jurisdictional amount has been met does not, under <u>Lowery</u>, constitute the type of evidence upon which the Court may find that the jurisdictional minimum of $75,000 has been satisfied. *See also* <u>Yates v. Medronic, Inc</u>., 2008 U.S. Dist LEXIS 65689, 2008 WL 4016599, at *11 (S.D.Ala. Aug. 26, 2008)(holding that Alabama wrongful death product liability cases relied upon by defendant were not proper means for establishing jurisdictional amount under <u>Lowery</u> ); <u>Thibodeaux v. PACCAR Inc</u>., 592 F.Supp.2d 1377 (M.D.Ala.2009) ("[U]nder <u>Lowery</u>, a removing defendant may not prove amount in controversy by relying upon jury verdicts in similar cases.").

Defendant's argument that the type of injury is so inherently serious that damages must exceed the jurisdictional amount is even less reliable than direct reliance on prior verdicts; instead of relying on specific cases with particularized descriptions of injuries to compare to the case at issue, defendant would have the court rely on a general feeling about such injuries based

---

alleges that "he still suffers and will suffer in the future." (Doc. 1-2, Complaint, ¶ 9). Plaintiff also alleges damages including past, present and future mental anguish, physical pain, suffering; past, present, and future medical expenses; and past and future earnings. (<u>Id</u>.).

loosely on the recollection of unspecified prior cases.  This is clearly insufficient under the

Lowery rationale to support a finding that the jurisdictional monetary requirement has been met.

Conclusion

For the foregoing reasons, it is the hereby RECOMMENDED that plaintiff's Motion to

Remand be GRANTED and that this case be REMANDED to the Circuit Court of Baldwin

County, Alabama.

The attached sheet contains important information regarding objections to the Report and

Recommendation.

DONE  this the 7th day of October, 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.